STATE OF NORTH CAROLINA v. ROGER LEE McBRYDE

No. 8112SC647

(Filed 19 January 1982)

1. **Criminal Law § 162.2— failure to object to question—waiver**

   By failing to object to a question and answer eliciting evidence concerning defendant's post-*Miranda* silence, defendant waived his objection and right to assert its submission as grounds for a new trial.

2. **Criminal Law § 162— failure to object—waiver**

   Where defendant failed to object or move to strike testimony that a magistrate had found probable cause to arrest defendant and had issued a warrant for his arrest, he waived his right to assert its admission as grounds for a new trial. G.S. 15A-1446(a) and (b).

3. **Criminal Law § 120— instructions on evidence and verdict**

   In charging the jury upon the law and evidence pursuant to G.S. 15A-1232, and instructing that a verdict must be unanimous, G.S. 15A-1237(b), the trial judge is not required to anticipate that the jury may be unable to reach a verdict, much less to express such anticipated result by instructing that a mistrial would result if the jury could not reach a verdict as such an instruction would tend to coerce a verdict.

APPEAL by defendant from *Lee, Judge.* Judgment entered on the verdict 18 February 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 20 November 1981.

Defendant was indicted on counts of breaking or entering with intent to commit larceny and felonious larceny.

The State's evidence tended to show that at 1:06 p.m. on 7 September 1980, a Fayetteville business named "Roy's Cigarette

---

---

Outlet" was broken into. A burglar alarm immediately alerted the police, who found the outer rear wall of the business had been ripped open, through which 149 cartons of cigarettes had been stolen. Behind the store, there was a path leading into the woods which looked recently trodden. The police officers followed the path, shortly coming upon several cartons of cigarettes plus a crowbar, a hammer, and a screwdriver. Officer Johnson asked a group of men sitting in the woods for descriptions of anyone they had just seen traveling the path. Following Officer Johnson's broadcast of the descriptions given, Officer Croom matched one of the descriptions to defendant, who was found nearby, running away from the woods. Defendant was sweating heavily, his clothes were dirty and rumpled, and a small fiber of wood protruded from a tear in his shirt. A thread found in the splintered wall of the outlet matched the shirt defendant was wearing. Defendant's fingerprints also matched those found on the inside wall of the outlet.

Defendant presented no evidence.

From an active, consolidated sentence imposed on the verdicts of guilty to both charges, defendant appeals.

*Attorney General Rufus L. Edmisten, by Associate Attorney G. Criston Windham, for the State.*

*Marc D. Towler, Assistant Appellate Defender, for defendant-appellant.*

WELLS, Judge.

Defendant brings forth three assignments of error relating to the admission of evidence of defendant's post-*Miranda* silence, to evidence that a magistrate had found probable cause to issue an arrest warrant, and to the court's instructions to the jury, "requiring" them to reach a verdict.

[1] Defendant first assigns error to the trial court's failure first to exclude *ex mero motu* and later on defendant's objection evidence regarding defendant's post-*Miranda* silence. Officer Jimmy Johnson testified on direct examination as follows:

> [A] [W]e had advised him of his Miranda rights when we asked him some questions.

[Q] . . . he make a statement at that point?

A. He did not open up with a statement.

. . .

Q. Now, would you describe the physical condition of Mr. McBryde at the time?

A. [H]e didn't basically answer a lot of questions. He was very quiet, you know. He would maybe answer a little bit and then wouldn't say any more.

MR. BRITT: Objection to that; move to strike.

COURT: Motion denied; overruled.

By failing to object to the first question and answer eliciting this evidence, defendant waived his objection and right to assert its admission as grounds for a new trial. *State v. Logner*, 297 N.C. 539, 256 S.E. 2d 166 (1979), *State v. Sanders*, 288 N.C. 285, 218 S.E. 2d 352 (1975), *cert. denied*, 423 U.S. 1091 (1976), *State v. Little*, 278 N.C. 484, 180 S.E. 2d 17 (1971). This assignment is overruled.

[2] In his next assignment, defendant contends that the trial court erred in failing to exclude testimony that a magistrate had found probable cause to arrest defendant and had issued a warrant for his arrest. Defendant did not object to this testimony, nor did he make a motion to strike. He has therefore waived his right to assert its admission as grounds for a new trial. *See* G.S. 15A-1446(a) and (b), *State v. Foddrell*, 291 N.C. 546, 231 S.E. 2d 618 (1976), *State v. Jones*, 280 N.C. 322, 185 S.E. 2d 858 (1972). Defendant contends that the jury may have accepted this testimony as a previous judicial determination and opinion of defendant's guilt. In light of the substantial evidence connecting defendant to this crime, we do not find that this testimony was prejudicial to defendant's case, and we overrule this assignment.

[3] Defendant finally contends that the court coerced a guilty verdict by giving the following charge:

Under the law and evidence, Members of the Jury, it will be your duty, as to Count Number One, to return one of two possible verdicts: guilty of felonious breaking or entering or not guilty; and as to Count Number Two, it will be your

duty to return one of two possible verdicts: guilty of felonious larceny or not guilty.

Defendant contends that the jury also should have been instructed that if they were unable to reach a verdict, a mistrial would be declared. In charging the jury upon the law and evidence pursuant to G.S. 15A-1232, and in instructing that a verdict must be unanimous, G.S. 15A-1237(b), the trial judge is not required to anticipate that the jury may be unable to reach a verdict, much less to express such anticipated result by instructing that a mistrial would result if the jury could not reach a verdict. Such an instruction, if given before the jury began its deliberations, would in itself tend to coerce a verdict, increasing the risk of error. *See State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978). This assignment is overruled.

No error.

Judges ARNOLD and MARTIN (H. C.) concur.